THE CITY OF NEW YORK, Appellant, *v.* NEW YORK
MUTUAL GAS LIGHT COMPANY, Respondent.

### Interpretation of statute incorporating gas company.

The provisions of chapter 651 of the Laws of 1866, incorporating
the New York Mutual Gas Light Company, examined and construed.

*City of New York* v. *N. Y. Mutual Gas Light Co.*, 140 App. Div.
911, affirmed.

(Argued December 2, 1912; decided December 20, 1912.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered November 5, 1910, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint
by the court on trial at Special Term in an action to
restrain defendant from operating or maintaining gas
pipes in the public streets of the city of New York.

*Archibald R. Watson, Corporation Counsel (Terence
Farley* of counsel), for appellant.

*George Zabriskie* for respondent.

*Per Curiam.* We agree with the decision reached by
the Appellate Division adverse to the plaintiff's claim in
this case, and since the substantial reasons therefor are
set forth in the opinion of Mr. Justice CLARKE on a prior
appeal involving the sufficiency of the defendant's answer
which had been demurred to (135 App. Div. 260), we con-
tent ourselves with a mere statement of our conclusion
on the fundamental question involved.

We think that under the only interpretation which
justifiably can be placed on the special act incorporating
the defendant (Laws of 1866, chap. 651), it acquired a
full and complete franchise and right to manufacture
and sell gas in the city of New York, and for that pur-
pose to use the streets, and was not required to obtain
from the municipal authorities what has come to be
termed a secondary franchise; that the provision requir-

ing it to obtain either the permission of property owners or of municipal authorities before any street could be "dug into, injured or defaced" simply related to a permission to be secured from the property owners or administrative authorities of the city, regulating merely the conditions of tearing up the streets for the purpose of putting down pipes; that under this interpretation the provisions of the general act relating to such corporations (Laws of 1848, chap. 27), requiring a secondary franchise to be obtained from the municipal authorities, are inconsistent with the provisions of the special act incorporating defendant, and, therefore, under the express terms of said latter act are "repealed and declared to be inoperative" as to it.

CULLEN, Ch. J., HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; VANN, J., dissents; COLLIN, J., absent.

Judgment affirmed, with costs.